

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
~~XXXXXXXXXX~~
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:

Opinion No. 0-5087
Re: Authority of the Comptroller to issue warrant payable to County Treasurer for the Officers' Salary Fund, while the County Treasurer is at the time employed as principal teacher in a public school.

You propound to us for a legal opinion the following:

"This department has been notified that the duly elected County Treasurer of Navarro County has filed oath and bond but has not received commission from the Secretary of State. She is at the same time holding a position of principal teacher in the Corsicana public school. In view of this fact this department desires your answer to the following questions:

"Is the Comptroller authorized to issue warrant payable to the County Treasurer of Navarro County for the Officers' Salary Fund due Navarro County by the State of Texas while such County Treasurer is employed as principal teacher in the Corsicana public school?

"Is this department authorized to issue warrant payable to the Corsicana Independent School District for the apportionment due said district by the State of Texas when part of the funds represented in said warrant will be used for the payment or the partial payment of the salary to the principal teacher of the Corsicana public school when such teacher at the same time holds the office of County Treasurer?"

Section 33 of Article XVI of the Constitution referred to by you is as follows:

"The Accounting Officers of this State
shall neither draw nor pay a warrant upon
the Treasury in favor of any person, for
salary or compensation as agent, officer or
appointee, who holds at the same time any
other office or position of honor, trust or
profit, under this State or the United States,
except as prescribed in this Constitution."

This provision of the Constitution is not applicable
to the situation presented.

The employment of the County Treasurer as a principal
teacher in the city schools of Corsicana is undoubtedly a
"position of honor, trust and profit under this State," but it
has no application because the proposed voucher to the Treasurer
is not "for salary or compensation as agent, officer or appointee,"
whatsoever. The sum for which the warrant issues to the County
Treasurer is the State's contribution to the Officers' Salary
Fund of Navarro County, and the County Treasurer, in receiving
and turning over to the Officers' Salary Fund the proceeds
thereof, is doing so in a fiduciary capacity. The warrant should
issue in the ordinary course.

Upon similar reasoning your second question should be
answered to the same effect.

Warrant to the school district is not one to the teacher,
even though the teacher is to be paid a salary by the district
from funds made up in part of the State warrant. Such a warrant
may lawfully issue and should be paid.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By s/Ocie Speer
Ocie Speer
Assistant

OS-MR-wc

APPROVED FEB 13, 1943
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman